UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Kyle Mitrione and Karolina Melska, <br><br>　　　　Plaintiffs <br><br>　v. <br><br>Cirque du Soleil America Newco, Inc., et al., <br><br>　　　　Defendants | Case No. 2:24-cv-00916-CDS-BNW <br><br>**Order Regarding Defendants' Motion to Dismiss, Motion to Seal, and Motion for a More Definite Statement, and Plaintiffs' Motion for Leave to File Supplemental Briefing related to the Motion to Dismiss** <br><br>[ECF Nos. 6, 7, 8, 36] |

　　　　This is a diversity action brought by plaintiffs Kyle Mitrione and Karolina Melska, Mitrione's wife, against defendants Cirque du Soleil America Newco, Inc., et al.[1] The underlying allegations relate to tragic injuries suffered by Mitrione as a result of a back-dive he performed as part of his employment in the Cirque show "O." Defendants move to dismiss this action (ECF Nos. 6, 7[2]) arguing that it is precluded under Nevada's Industrial Insurance Act (NIIA) (NRS 616A.020), more commonly known as Nevada's workers compensation program, and also move for a more definite statement (ECF No. 8). Plaintiffs oppose both motions. ECF No. 15; ECF No. 17. Those two motions are fully briefed. *See* ECF No. 23; ECF No. 24.

　　　　After defendants filed their motion to dismiss, Mitrione and Melska filed a motion for leave to file supplemental briefing related to their opposition to the motion to dismiss. Mot. for leave, ECF No. 36. Defendants oppose the motion. Opp'n, ECF No. 40. For the reasons set forth herein, I grant defendants' motion to dismiss without prejudice and the motion to seal, I deny defendants' motion for a more definite statement, and I deny plaintiffs' motion to file supplemental briefing.

---

[1] Cirque du Soleil Nevada Newco, Inc., Cirque du Soleil Vegas, LLC, Cirque du Soleil Holding USA Newco, Inc., Cirque Apple Las Vegas, LLC, and Cirque Apple Administration, LLC.

[2] ECF No. 7 is the defendants' motion for leave to file under seal. Counsel Michael Mills is reminded that the motion itself must not be filed under seal. The motion to seal should be made publicly available and the document counsel seeks to seal and/or redact should be separately filed as a sealed exhibit.

I.  Legal standard

    A.  Motion to dismiss

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab'y Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 545. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A court ordinarily may not consider evidence outside the pleadings in ruling on a Rule 12(b)(6) motion to dismiss. *Zemelka v. Trans Union, LLC*, 2019 WL 2327813, at *1 (D. Ariz. May 31, 2019) (citing *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)). "A court may, however, consider materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* "[E]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of [the Plaintiffs] claim[s]." *Lovelace v. Equifax Info. Servs. LLC*, 2019 WL 2410800, at *1 (D. Ariz. June 7, 2019) (citing *Ritchie*, 342 F.3d at 908). Federal Rule of Civil Procedure 12(d) states when "matters outside the pleading are presented to

and not excluded by the court," the 12(b)(6) motion converts into a motion for summary judgment, in which case both parties must have the opportunity "to present all the material that is pertinent to the motion." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). There are two exceptions to this rule: (1) incorporation by reference, and (2) judicial notice. *Id.*

Finally, Federal Rule of Civil Procedure 15 provides that leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Amendment should be freely given "when justice so requires." *Id.* Generally, a "district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citation omitted).

**B.  Motion to seal**

In the Ninth Circuit there is "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The public interest in full disclosure of documents is grounded upon "ensuring the 'public's understanding of the judicial process and of significant public events.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citations omitted). The Ninth Circuit has made clear that the sealing of entire documents is improper when confidential information can be redacted to leave meaningful information available to the public. *Foltz*, 331 F.3d at 1137. To the extent that a sealing order is permitted, it must be narrowly tailored. *See, e.g., Press-Enterprise Co. v. Superior Ct. of Cal., Riverside Cnty.*, 464 U.S. 501, 513 (1984) (sealing orders should be "limited to information that [is] actually sensitive").

A party seeking to seal a judicial record related to a dispositive motion 'must articulate[] compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process.' *Kamakana*, 447 F.3d at 1178. Courts have found compelling reasons that justify sealing where unsealed records would become a vehicle for improper purposes or

implicate a third party's privacy interest. *Ansara v. Maldonado*, 2022 WL 17253803, at *3 (D. Nev. Nov. 1, 2022) (finding sensitive and private medical information protected by HIPAA meets the compelling reasons standard); *Stiner v. Brookdale Senior Living, Inc.*, 2022 U.S. Dist. LEXIS 58641, at *8 (N.D. Cal. Mar. 30, 2022) (where documents contained employees' personally identifying information like names, email addresses, and phone numbers); *Soria v. U.S. Bank N.A.*, 2019 WL 8167925, at *4 (C.D. Cal. Apr. 25, 2019) (finding that the public has "minimal interest in [an individual's] social security number or other personal identifying information…").

II.   Discussion

  A. **Defendants' motion to dismiss is granted without prejudice.**

Defendants argue that this action is barred by the NIIA because Mitrione received workers' compensation benefits, so his only remedy can be the Act's administrative process. *See generally* ECF No. 6. Plaintiffs do not refute those arguments, contending instead that the NIIA does not control, nor does it preclude this action, because theatrical and stage performers—like Mitrione—are excluded from the NIIA. *See generally*, ECF No. 15. As explained further herein, the complaint fails to address the NIIA[3] so I grant defendants' motion to dismiss.

  1. *The court declines to convert the motion to dismiss into a summary judgment motion.*

As a threshold issue, in the dismissal filings, and in plaintiffs' related motion for leave to supplement, the parties present evidence in support of their positions that asks the court to go beyond the complaint. Specifically, defendants attached a worker's compensation certificate of insurance (ECF No. 6-4), a copy of Mitrione's employment contract (ECF No. 6-5), the employer's report of industrial injury (ECF No. 6-6), and Mitrione's claim for compensation

---

[3] Federal Rule of Evidence (FRE) 201 permits a court to take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. State statutes are public records and can therefore be properly judicially noticed. *See Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006) (stating that courts may take judicial notice of matters of public record). Pursuant to FRE 201, I take judicial notice of all NIIA sections discussed herein.

4

(ECF No. 6-7). Plaintiffs provided a copy of Mitrione's claim for compensation (ECF No. 15-2), as well as a notice of claim acceptance pursuant to Nevada Revised Statute § 616C.065 (ECF No. 15-3), Mitrione's appeal of the claim acceptance notice (ECF No. 15-4), a hearing notice related to that appeal (ECF No. 15-5), and the July 8, 2024 decision on Mitrione's appeal (ECF No. 36-2).[4] The complaint does not set forth any allegations related to NIIA or Mitrione's worker's compensation claim or appeal. Consequently, it would be improper to consider the aforementioned exhibits in resolving defendants' motion to dismiss, and I decline to convert this motion into one for summary judgment at this time. Instead, I consider only the allegations in the complaint, together with applicable sections of the NIIA which can be properly judicially noticed, for purposes of resolving defendants' motion to dismiss.

## 2. *The NIIA's impact on this action.*

NRS 616A.020 provides that the "rights and remedies provided [under NIIA] for an employee on account of an injury by accident sustained arising out of and in the course of employment [. . .] **shall be exclusive of all other rights and remedies of the employee, his personal representatives, dependents or next of kin, at common law or otherwise, on account of such injury**." NRS 616A.020(1) (emphasis added). "Injuries that fall within the ambit of the NIIA's coverage are those that both arise out of the employment and occur within the course of that employment." *Wood v. Safeway*, 121 P.3d 1026, 1032 (Nev. 2005). There is no dispute that Mitrione was injured during his employment as a performer in a Cirque du Soliel show at the Bellagio. Thus, NRS 616A.020 is triggered. However, Mitrione argues that he is a theatrical or show performer, so he is therefore exempt from NRS 616A.110(2). Indeed, that provision of the NIIA excludes certain persons from coverage, including "[a]ny person engaged as a theatrical or stage performer or in an exhibition." NRS 616A.110(2). However, also as recognized by Mitrione, an employer may elect to provide workers compensation to an employee who is

---

[4] Because these are the items the court cannot properly consider in resolving a 12(b)(6) motion, the court denies plaintiffs motion for leave to supplemental briefing.

5

otherwise excluded by the Act. NRS 616B.656 states that "[a]n employer in this State having in his or her employment any employee excluded from the benefits of chapters 616A to 616D, inclusive, of NRS pursuant to NRS 616A.110 may elect to cover such employees under the provisions of those chapters in the manner provided in this section." NRS 616B.656(1). That section sets out how an employer can elect to cover such employees, mandating that the employer make a "filing with the Administrator and the insurer a written statement that the employer accepts the provisions of chapters 616A to 616D . . . which, when filed, operates to subject the employer to the provisions of those chapters until the employer files with the Administrator and the insurer a notice in writing that the employer withdraws the election." *Id.* at § 616B.656(2). Subsections (3) and (4) of that statute sets forth the employee's obligations. It states:

> 3. An employee in the service of any such employer shall be deemed to have accepted, and is subject to, the provisions of chapters 616A to 616D, inclusive, of NRS if, at the time of the accident for which compensation is claimed:
>
> (a) The employer charged with liability is subject to the provisions of those chapters, whether or not the employee has actual notice thereof; and
>
> (b) The employee has not given to his or her employer and to the Administrator and the insurer notice in writing that the employee elects to reject the provisions of those chapters.
>
> 4. An employee who has rejected the provisions of chapters 616A to 616D, inclusive, of NRS may at any time thereafter elect to waive the rejection by giving notice in writing to his or her employer and to the Administrator and the insurer which becomes effective when filed with the Administrator and the insurer."

*Id.* at (3) and (4).

Subsections 3 and 4 are absent from Mitrione's opposition to the motion to dismiss. More importantly, the NIIA is not addressed at all within the four corners of the complaint. In particular, plaintiffs fail to address NRS 616B.656. Without any allegations related to or

6

addressing the NIIA, or allegations that Mintrione is not covered by the NIIA, the court applies NRS 616A.020(1) and finds this action is barred under the NIIA. As a result, I grant defendants' motion to dismiss. However, amendment may be appropriate, so I dismiss the complaint without prejudice and with leave to amend.

### B. Defendants' motion to seal

Defendants seek to redact and seal exhibits A-2, A-3, and A-4 in support of their motion to dismiss. ECF No. 7. Defendants contend that exhibit A-2 is an employment contract which contains Mintrione's home address and his salary during his time at the show; exhibit A-3 is a worker's compensation form that includes defendant Cirque du Soleil Nevada Newco, Inc.'s federal EIN, Mintrione's social security number, date of birth, home address, phone number, and personal health information; and exhibit A-4 is a worker's compensation form also containing Mintrione's date of birth, social security number, phone number, email address, and personal health information. Defendants argue that commercially sensitive business information, personal health information, and personal identifying information are protected from disclosure and can be easily redacted. *Id.*

I find that defendants have articulated compelling reasons why the documents in exhibits A-2, A-3, and A-4 should be redacted, and those that are already filed sealed, to remain sealed.[5] Because Mintrione's privacy interests can be adequately protected by redacting the salary figures while leaving other meaningful information, defendants' motion to seal as to exhibit A-2 is granted. The public's interest in access is outweighed by Mintrione's privacy interests in avoiding disclosure of his confidential and private health information, and any personal identifying information. Further, this district's local rules provide that parties must redact social security numbers, dates of birth, home addresses, and tax identification information. LR IC 6-1. Thus I find compelling reasons to redact defendants' exhibits A-3 and A-4, and to maintain the seal on the unredacted versions.

---

[5] The unredacted exhibits docketed at ECF No. 7 shall remain under seal.

### C. Defendants' motion for a more definite statement is denied.

Federal Rule of Civil Procedure (FRCP) 12(e) permits a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The party seeking a more definite statement must specify "the defects complained of and the details desired." *Id.* Motions for more a definite statement are disfavored and are "proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted." *Sagan v. Apple Comput., Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994). To resolve a Rule 12(e) motion, courts evaluate the complaint based under Rule 8 of the FRCP, which requires a complaint to contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for relief. Fed. R. Civ. P. 8(a).

Defendants fail to specify the alleged defects in plaintiffs' complaint. Instead, they criticize plaintiffs' use of the term "business invitee." ECF No. 8 at 15–16. This does not render the complaint vague or ambiguous. The complaint properly places defendants on notice of claims asserts against them, so their motion for a more definite statement is denied.

## IV. Conclusion

IT IS HEREBY ORDERED that the defendants' motion to dismiss **[ECF No. 6] is GRANTED** without prejudice and with leave to amend. If plaintiffs elect to amend their complaint, it must be filed by December 18, 2024 and be titled "First Amended Complaint."

IT IS FURTHER ORDERED that defendants' motion for leave to seal and redact **[ECF No. 7] is GRANTED.** The Clerk of Court is directed to maintain the seal on ECF No. 7 and attachments 7-1 through 7-6.

IT IS FURTHER ORDERED that defendants' motion for a more definite statement **[ECF No. 8] is DENIED.**

IT IS FURTHER ORDERED that plaintiffs' motion for leave to file supplemental briefing is [ECF No. 36] is DENIED.

This matter is referred to the magistrate judge for a settlement conference. LR 16-5.

Dated: December 5, 2024

_____
Cristina D. Silva
United States District Judge