**GGRM LAW FIRM**
JASON D. GUINASSO, ESQ.
Nevada Bar No. 8478
BRENOCH WIRTHLIN, ESQ.
Nevada Bar No. 10282
2770 S. Maryland Parkway, Ste. 100
Las Vegas, NV  89109
Phone:  702.384.1616 ~ Fax:  702.384.2990
Email: jguinasso@ggrmlawfirm.com
            bwirthlin@ggrmlawfirm.com

**SALTZ MONGELUZZI BENDESKY P.C.**
ROBERT J. MONGELUZZI/ANDREW R. DUFFY/
MICHAEL A. BUDNER/ MAX H. DEHON
PA BAR IDENTIFICATION NO. 36283/77121/314776/334148
52ND FLOOR
1650 MARKET STREET
PHILADELPHIA, PA  19103
(215) 496-8282

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KYLE MITRIONE AND KAROLINA MELSKA, H/W,<br><br>  Plaintiffs,<br><br>vs.<br><br>CIRQUE DU SOLEIL AMERICA NEWCO, INC., CIRQUE DU SOLEIL NEVADA NEWCO, INC., CURQUE DU SOLEIL VEGAS, LLC, CIRQUE DU SOLEIL HOLDING USA NEWCO, INC., CIRQUE APPLE LAS VEGAS, LLC, CIRQUE APPLE ADMINISTRATION, LLC, DOES I THROUGH X, AND ROE CORPORATIONS I THROUGH X,<br><br>  Defendants. | Case No.: 2:24-cv-00916-CDS-BNW<br><br>AMENDED STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER<br><br>SUBMITTED WITH SPECIAL SCHEDULING REVIEW REQUESTED |

1

Pursuant to Federal Rule Civil Procedure 26(f), Local Rule 26-1(b), and this Court's Minute Order, ECF No. 58, the parties submit this Amended Stipulated Discovery Plan and Scheduling Order.

**1.     Meeting:**

Plaintiffs' counsel Jason D. Guinasso and Defendants' counsel Ryan T. Gormley discussed this matter via telephone on December 30, 2024.

**2.     Fed. R. Civ. P. 26(a) Initial Disclosures:**

The parties are in discussions regarding a potential stay of this matter. To allow for additional time for such a stipulation to be filed, if any, the parties agree to exchange their Rule 26(a)(1) initial disclosure on or before **February 14, 2025**.

**3.     Areas of Discovery:**

Subject to discussions related to the potential stay, Plaintiffs' position is that discovery should open as to all matters discoverable under the Federal Rules of Civil Procedure.

Defendants' position is that subject to discussions related to the potential stay and the to-be filed motion in response to the First Amended Complaint, discovery should be staggered to first allow for discovery related to the workers' compensation issue, as opposed to full discovery.

**4.     Special Scheduling Review Requested:**

The parties request that the Court review the matter for special scheduling under LR 26-1(b). This is a complicated personal injury action. Plaintiff Kyle Mitrione sustained catastrophic injuries and is still receiving treatment for the foreseeable future. There will be many witnesses, medical providers, and experts. Written discovery will also be more complicated than a typical personal injury action.

///

5. **Discovery Plan:**

    A. **Discovery Deadlines:** The parties agree that the Court should adopt the following Discovery Plan and Scheduling Order.

| | | |
|---|---|---|
| 1. | Filing Motions to Amend: | December 13, 2025 |
| 2. | Initial Expert Disclosures: | January 13, 2026 |
| 3. | Rebuttal Expert Disclosures: | March 14, 2026 |
| 4. | Last Day to Extend Discovery: | April 22, 2026 |
| 5. | Discovery Cut-Off: | May 13, 2026. |
| 6. | Dispositive Motions: | June 13, 2026 |
| 7. | Pre-Trial Order: | July 14, 2026 |

    B. **Amending the Pleadings and Adding Parties:** The parties request to have until **December 13, 2026** to file any motions to amend the pleadings to add parties.

    C. **Disclosure of Experts FRCP 26(a)(2):** The parties request to have the disclosure of experts proceed according to Federal and Local Rules as follows: The disclosures of experts and their initial reports should occur on or before **January 13, 2026**. The disclosure of rebuttal experts and their initial reports should occur on or before **March 14, 2026.** These deadlines are respectively 120 and 60 days before the discovery cut-off date, respectively. The parties seek additional time between the initial and rebuttal expert disclosure deadline and between the rebuttal expert disclosure deadline and the discovery cut-off to allow for expert depositions considering the likely number of experts in the case.

    D. **Dispositive Motions:** The parties request that the dispositive motion deadline should be **June 13, 2026**, which is 30 days after the discovery cut-off date.

**E.	Pre-Trial Order:** The parties request that the Joint Pre-Trial Order deadline should be on or before **July 14, 2026**, which is not more than 30 days after the date set for filing dispositive motions in the case, as required by LR 26-1(b)(4). This deadline will be suspended if dispositive motions are timely filed until 30 days after the decision of the dispositive motions or until further order of the Court. The disclosure required by FRCP Rule 26(a)(3), and objections thereto, shall be made in the pre-trial order.

**F.	Extensions and Modification of the Discovery Plan and Scheduling Order:** LR 26-4 governs modifications or extensions of this Discovery Plan and Scheduling Order. Any stipulation or motion to extend a deadline set forth in the discovery plan and scheduling order must be made no later than 21 days before the subject deadlines. Any stipulation or motion to extend the discovery cut-off period must be made not later than **April 22, 2026**, which is 21 days before the discovery cut-off date.

**G.	Electronic Exchange of Discovery Documents:** In order to save time and cost, the parties agree to exchange discovery documents through electronic mail, whether as attachments or links to download the materials (i.e. OneDrive, Dropbox, etc.) This includes but is not limited to discovery requests, responses, production of documents, and deposition notices. Service shall be deemed completed on the date and time the email is sent. Email service must be done as follows, subject to notice of any changes thereto:

    a.	Cirque Defendants: rgormley@wwhgd.com; lroberts@wwhgd.com; abonney@wwhgd.com; kpierce@wwhgd.com.

    b.	Plaintiffs: MBudner@smbb.com; lclavin@smbb.com

///

///

   **H.** **FRCP 26(a)(3) Disclosures:** Unless the discovery plan otherwise provides and the court so orders, the disclosures required by FRCP 26(a)(3) and any objections thereto shall be included in the pretrial order.

   **I.** **Alternative Dispute Resolution:** The parties certify they have met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration and early neutral evaluation.

   **J.** **Alternative Forms of Case Disposition:** The parties certify they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 and the use of the Short Trial Program (General Order 2013-01). The appearing parties agree that these are avenues that the parties may pursue.

   **K.** **Electronic Evidence:** The parties addressed the e-discovery issues pertaining to the format of discovery at the Rule 26(f) conference. The parties do not anticipate discovery of native files or metadata at this time, but each party reserves the right to make a showing for the need of such electronic data as discovery progresses. The parties certify that they may present evidence in electronic format to jurors for the purposes of jury deliberation in compliance with the Court's electronic jury evidence display system.

   **L.** **Court Conferences:** If the Court has questions regarding the dates proposed by the parties, the parties request a conference with the Court before entry of the Scheduling Order. If the Court does not have questions, the parties do not request a conference with the Court.

///

1   **M.   Trial Judge:** The parties agree and would like the Honorable
2   Christina Silva to be the trial judge.
3   **N.   Issues Related to Claims of Privilege or Attorney Work Product.**
4   The parties agree to be bound by Federal Rule of Evidence 502 regarding the disclosure
5   of privileged material or work product. Further, the parties acknowledge and agree that while
6   each is taking reasonable steps to identify and prevent disclosure of any document which they
7   believe is privileged, there is a possibility that certain privileged material may be produced
8   inadvertently. Accordingly, the parties agree that a party who produces a document protected
9   from disclosure by the attorney-client privilege, attorney work product doctrine or any other
10  recognized privilege ("privileged document') without intending to waive the claim of privilege
11  associated with such document may promptly, meaning within fifteen (15) days after the
12  producing party actually discovers that such inadvertent disclosure occurred, amend its
13  discovery response and notify the other party that such document was inadvertently produced
14  and should have been withheld. Once the producing party provides such notice to the
15  requesting party, the requesting party must promptly, meaning within seventy-two (72) hours,
16  return the specified document(s) and any copies thereof.
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///

By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and may request an order of the Court denying such privilege.

Dated: January 14, 2025.

SALTZ MONGELUZZI BENDSKY P.C.

/s/Jason D. Guinasso
Jason D. Guinasso, Esq.
GGRM LAW FIRM
2770 South Maryland Parkway
Suite 100
Las Vegas, NV 89109

Robert J. Mongeluzzi, Esq. (PHV)
Andrew R. Duffy, Esq. (PHV)
Michael A. Budner, Esq. (PHV)
Max H. Dehon, Esq. (PHV)
Market Street, 52nd Floor
Philadelphia, PA 19103

*Attorneys for Plaintiffs*

Dated January 14, 2025.

WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC

/s/Ryan T. Gormley
D. Lee Roberts, Jr., Esq.
Nevada Bar No. 8877
Ryan T. Gormley, Esq.
Nevada Bar No. 13494
6385 South Rainbow Blvd.,
Suite 400
Las Vegas, Nevada 89118

*Attorneys for Defendants*

## ORDER

The Court GRANTS in part and DENIES in part the proposed, amended discovery plan and scheduling order ("Amended DPSO") at ECF No. 60. The Amended DPSO is granted, except that the following deadlines will govern:

Discovery Cutoff: 2/16/2026 (12 months from the parties anticipated FRCP 26(f) conference on February 14, 2025, and approximately 14 months from the order on Defendants' motion to dismiss)

Amended Pleadings: 11/18/2025 (90 days prior to the close of discovery)

FRCP 26(a)(2) Expert Disclosures: 12/18/2025 (60 days prior to the close of discovery)
Rebuttal Expert Disclosures: 1/18/2026 (30 days after the initial expert disclosures)

Dispositive Motions: 3/18/2026 (30 days after the close of discovery)

Joint, Pretrial Order: 4/17/2026 (30 days after the dispositive-motion deadline) or 30 days after a decision on the dispositive motion, whichever is later.

DATED: January 16, 2025

_____
UNITED STATES MAGISTRATE JUDGE

7