UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Kyle Mitrione, et al., | Case No. 2:24-cv-00916-CDS-BNW |
| Plaintiffs | **Order Requiring Defendants to Submit Briefing** |
| v. | |
| Cirque Du Soleil America Newco, et al., | [ECF No. 63] |
| Defendants | |

This is a diversity action brought by plaintiffs Kyle Mitrione and Karolina Melska, Mitrione's wife, against defendants Cirque du Soleil America Newco, Inc., et al.[1] The underlying allegations relate to tragic injuries suffered by Mitrione as a result of a back-dive he performed as part of his employment in the Cirque show "O." After I dismissed the original complaint without prejudice (ECF No. 52), finding that plaintiffs had failed to explain why the Nevada's Industrial Insurance Act (NIIA) (NRS 616A.020), more commonly known as Nevada's workers compensation program, did not preclude their claims, plaintiffs filed a first amended complaint (FAC) (ECF No. 55). Defendants moved to dismiss the FAC, arguing that it is still precluded under the NIIA. Mot., ECF No. 63.[2] However, since that motion was filed, significant developments in the underlying state action, which seemingly affect the direction of this case, have occurred. Oddly, neither party felt it significant to update the court, and I was forced to demand the parties to provide the latest information to me in supplemental briefing. *See* Order, ECF No. 81; *see also* ECF Nos. 82-2, 82-3.

In an April 2, 2025 order, Judge Crystal Eller in the Eighth Judicial District Court of Clark County, Nevada held that "[t]he Appeals Officer's ultimate conclusions that Mitrione was an excluded employee under NRS 616A.110(2) and that waiver and equitable estoppel do not

---

[1] Cirque du Soleil Nevada Newco, Inc., Cirque du Soleil Vegas, LLC, Cirque du Soleil Holding USA Newco, Inc., Cirque Apple Las Vegas, LLC, and Cirque Apple Administration, LLC.
[2] The motion is fully briefed. *See* Opp'n, ECF No. 66; Reply, ECF No. 72.

apply are AFFIRMED" and then remanded the decision to the appeals officer "for the limited purpose of preparing more detailed findings of fact and conclusions of law based solely on the existing record on appeal filed with this Court on October 10, 2024 . . . ." Eller order, ECF No. 82-2 at 6–7. The appeals officer then complied with that order, making an updated and more detailed findings of fact and conclusions of law on May 6, 2025. ECF No. 82-3.

In their supplement arguing that this case should be dismissed, the defendants asserted that they filed a petition for judicial review of the May 6, 2025 decision of the appeals officer, which is pending. ECF No. 85 at 2. Despite claiming that appeal was attached, it was not, and I again had to order them to provide me with the latest development in the state case. *See* Min. order, ECF No. 86. That exhibit was filed at ECF No. 87, and shows an appeal of the May 6, 2025 appeals officer's decision, arguing that the "Appeals Officer was in violation of constitutional or statutory provisions, in excess of the authority of the Appeals Officer, based upon errors of law, and was arbitrary and capricious in nature, and constitutes an abuse of discretion" and "there were procedural irregularities and due process concerns with respect to the original administrative proceedings leading to entry of the Appeals Officer Decision and Order." ECF No. 87 at 2–3.

In sum, the judicial officer made a decision in this case on August 9, 2024. Defendants' appeal was denied in state court on April 2, 2025, where the court ***affirmed the conclusions*** of the appeals officer and remanded to the judicial officer "for the ***limited purpose*** of preparing more detailed findings of fact and conclusions of law based solely on the existing record on appeal filed with this Court on October 10, 2024 . . . ." ECF No. 82-2 at 6–7 (emphasis added). Defendants ***did not appeal*** that decision, and the time to appeal it has long since run. Instead, after the judicial appeals officer complied with Judge Eller's order on May 6, 2025, the defendants chose to appeal ***that*** order, in which the judicial appeals officer lacked the authority to make any conclusive decisions. The court struggles to see how the new Eighth Judicial District Court Judge has jurisdiction over this new "appeal." Therefore, I order the defendants to

submit a brief by August 22, 2025, no longer than ten pages, explaining how the state court judge presiding over the defendants' new appeal has jurisdiction to review the case. The court will issue a minute order if responsive briefing is needed after the defendants submit their brief.

## Conclusion

IT IS THEREFORE ORDERED that the defendants must submit a brief by August 22, 2025, no longer than ten pages, explaining how the state court judge presiding over the defendants' new appeal has jurisdiction to review the case. The court will issue a minute order if responsive briefing is needed after the defendants submit their brief.

Dated: August 18, 2025

_____
Cristina D. Silva
United States District Judge