UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Kyle Mitrione, et al., <br><br> Plaintiffs <br><br> v. <br><br> Cirque du Soleil America Newco, et al., <br><br> Defendants | Case No. 2:24-cv-00916-CDS-BNW <br><br> **Order Denying Defendants' Motion to Dismiss Without Prejudice and Sua Sponte Staying Case** <br><br> [ECF No. 63] |

This is a diversity action brought by plaintiffs Kyle Mitrione and Karolina Melska, Mitrione's wife, against defendants Cirque du Soleil America Newco, Inc., et al.[1] The underlying allegations relate to tragic injuries suffered by Mitrione as a result of a back-dive he performed as part of his employment in the Cirque show, "O." After I dismissed the original complaint without prejudice (ECF No. 52), finding that the plaintiffs failed to explain why the Nevada's Industrial Insurance Act (NIIA) (NRS 616A.020), more commonly known as Nevada's workers compensation program, did not preclude their claims, the plaintiffs filed a first amended complaint (FAC) (ECF No. 55). Defendants moved to dismiss the FAC, arguing that it is still precluded under the NIIA. Mot., ECF No. 63.[2] While considering that motion, the court discovered there had been significant developments in the underlying state action, of which neither party provided an update to the court. As a result, I ordered multiple rounds of supplemental briefing to obtain information regarding the status of the state case. *See* Orders, ECF No. 81, 88. The parties complied with both orders. *See* ECF Nos. 82, 83, 84, 85, 90, 92. As relevant here, I focus on the second round of briefing, where I required the defendants to explain

---

[1] Cirque du Soleil Nevada Newco, Inc.; Cirque du Soleil Vegas, LLC; Cirque du Soleil Holding USA Newco, Inc.; Cirque Apple Las Vegas, LLC; and Cirque Apple Administration, LLC.
[2] The motion is fully briefed. *See* Opp'n, ECF No. 66; Reply, ECF No. 72.

how their appeal of the May 6, 2025, decision from the Appeals Officer was properly before a new district judge in the Eighth Judicial District Court. *See* Order, ECF No. 88.

In their supplemental brief, the defendants state that the May 6, 2025 Amended Decision from the Appeals Officer, which "made more substantial findings" and "expanded upon and went beyond [the conclusions of law] made in the original Decision and Order," was the final order and therefore appealable. Defs.' supp. br., ECF No. 90 at 3–4. I agree that order was final and therefore appealable. *See* NRS 233B.130 (setting forth the requirements for seeking administrative proceeding decisions). I also agree that the defendants have a right to appeal the decision of an administrative hearing officer. *See id.* However, my concern is that filing a petition for judicial review initiated a new action before a new judge in the Eighth Judicial District Court, as opposed to petitioning Judge Eller in light of her April 2, 2025 decision, affirming the Appeal Officer's conclusions. *See* Eller order Pls.' Ex. 1, ECF No. 82-2 at 6–7. There is no dispute that Judge Eller remanded the administrative decision back to the Appeals Officer for the *limited* purpose of writing a finding of fact and conclusion of law that complies with NRS 233B.125. It appears that the new petition for judicial review, in front of a new judge, is the defendants' attempt at a second bite of the proverbial apple regarding the Appeals Officer's conclusions. But this court finds no case law or authority confirming or denying that the new petition of Judge Eller's decision is procedurally improper, and the plaintiffs' responsive pleading does not address this issue. Rather, the plaintiffs contend that the Appeals Officer's decision is final. *See* ECF No. 92. Therefore, this court must apply issue preclusion[3] and deny the defendants' motion to dismiss.

Regardless, there is a pending petition for judicial review of the May 6, 2025 Amended Decision and Order, which is an appeal. As a result, this court is not comfortable resolving the

---

[3] Plaintiffs correctly quote NRS 233B.135(2), which states "[t]he final decision of the agency shall be deemed reasonable and lawful until reversed or set aside in whole or in part by the court." But reasonable and lawful do not automatically equate to final. Indeed, if that decision were final then there would be no need for NRS 233B.130 to exist.

2

motion to dismiss until the new petition for judicial review is resolved. For these reasons, the defendants' motion to dismiss is denied without prejudice. Further, with hesitation,[4] I sua sponte stay this action until the challenge to the Amended Decision and Order is resolved. Additional instructions are provided below.

## Conclusion

IT IS THEREFORE ORDERED that defendants' motion to dismiss **[ECF No. 63] is DENIED without prejudice**.

IT IS FURTHER ORDERED that this action is sua sponte stayed until resolution of the defendants' challenge to May 6, 2025 Amended Decision and Order from the Appeal's Officer is finalized.

IT IS FURTHER ORDERED that within fourteen days of resolution of the pending petition for judicial review, the parties must file a status report updating the court on (1) the outcome of the petition and (2) if an appeal will be taken of that decision so this court can evaluate whether the stay will continue.

Dated: September 11, 2025

_____
Cristina D. Silva
United States District Judge

---

[4] The court is hesitant because it recognizes that the plaintiffs filed this action after Mitrione was seriously injured and that staying this action delays the resolution of their claims.