UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Kyle Mitrione, et al., | Case No. 2:24-cv-00916-CDS-BNW |
| Plaintiffs | **Order Lifting Stay and Reactivating Defendants' Motion to Dismiss** |
| v. | |
| Cirque Du Soleil America Newco, et al., | [ECF No. 63] |
| Defendants | |

On September 11, 2025, I entered an order denying without prejudice the defendants' motion to dismiss and stayed this action pending the outcome of the defendants' challenge to an Amended Decision and Order (ADO) issued in the Eighth Judicial District Court on May 6, 2025. Order, ECF No. 93. In that same order, I directed the parties to file a status report updating the court on the outcome of the petition and whether an appeal will be taken, so that the court could evaluate whether the stay should continue. *Id.*

The parties complied and filed separate status reports. *See* Status reports, ECF Nos. 94, 95. In the defendants' status report, they advise that the Honorable Tara Clark Newberry issued a Decision and Order dismissing their petition for judicial review regarding the May 6, 2025 ADO for lack of jurisdiction, and in the alternative, denying it on the merits. *See* ECF No. 94. The defendants advise they intend to appeal Judge Clark Newberry's March 10, 2026 Decision and Order. *Id.* at 4. The plaintiffs' status report contains the same information regarding the outcome of the defendants' petition before Judge Clark Newberry. *See* ECF No. 95. They also request that the court lift the stay so this case can return to the litigation track. *See id.*

I grant the plaintiffs' request to lift the stay. I recognize that the defendants intend to appeal Judge Clark Newberry's decision; however, it remains unclear when any such appeal, if taken, will be resolved. Not lifting the stay would be tantamount to an indefinite stay, which is

disfavored. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) ("Generally, stays should not be indefinite in nature."). Further, the court finds that a prolonged, indefinite stay would prejudice plaintiffs. *See Sartor v. County of Riverside*, 2022 WL 18278597, at *4 (C.D. Cal. Nov. 30, 2022) ("A prolonged stay could make it more difficult for Plaintiffs to locate and identify the unnamed [Doe] Defendants"). An indefinite would also impact this court's ability to manage its docket. *See Gen. Elec. Co. v. Liang*, 2014 WL 1089264, at *6 (C.D. Cal. Mar. 19, 2014) (finding that judicial efficacy "typically weighs against the granting of a stay"); *see also S.E.C. v. Alexander*, 2010 WL 5388000, at *5 (N.D. Cal. Dec. 22, 2010) ("To be sure, expeditious resolution of cases is, as a general matter, preferable to delay of the Court's docket.").

Accordingly, the stay is lifted, and this matter will return to the litigation track. The court will reactivate the motion to dismiss (ECF No. 63) and will resolve it in the normal course.

## Conclusion

IT IS THEREFORE ORDERED that the stay is lifted. The Clerk of Court is kindly directed to reactivate the defendants' motion to dismiss (ECF No. 63).

The parties are ordered to meet and confer and to file a proposed, amended Discovery Plan and Scheduling Order by May 6, 2026.

Dated: April 6, 2026

_____
Cristina D. Silva
United States District Judge

2