**GGRM LAW FIRM**
BY: JASON D. GUINASSO, ESQ.
NV BAR IDENTIFICATION NO. 8478
2770 South Maryland Parkway
Suite 100
Las Vegas, NV 89109
(702) 384-4722

**SALTZ MONGELUZZI BENDESKY P.C.**
BY: ROBERT J. MONGELUZZI/ANDREW R. DUFFY/
MICHAEL A. BUDNER/ MAX H. DEHON
PA BAR IDENTIFICATION NO. 36283/77121/314776/334148
52ND FLOOR
1650 MARKET STREET
PHILADELPHIA, PA  19103
(215) 496-8282
*ATTORNEYS FOR PLAINTIFF*

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| KYLE MITRIONE AND KAROLINA MELSKA, H/W | Case No.: 2:24-cv-00916 |
| Plaintiffs, | |
| vs. | **AMENDED STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER** |
| CIRQUE DU SOLEIL AMERICA NEWCO, INC., CIRQUE DU SOLEIL NEVADA NEWCO, INC., CURQUE DU SOLEIL VEGAS, LLC, CIRQUE DU SOLEIL HOLDING USA NEWCO, INC., CIRQUE APPLE LAS VEGAS, LLC, CIRQUE APPLE ADMINISTRATION, LLC, DOES I THROUGH X, AND ROE CORPORATIONS I THROUGH X | **SPECIAL SCHEDULING REVIEW REQUESTED** |

Pursuant to Federal Rule Civil Procedure 26(f), Local Rule 26-1(b), and this Court's Minute Order, ECF No. 96, the parties submit this Amended Stipulated Discovery Plan and Scheduling Order.

///

1

**1.      Meeting:**

Plaintiffs' counsel, Michael A. Budner, and Defendants' counsel, Harold Lang, III, conferred via e-mail.

**2.      Fed. R. Civ. P. 26(a) Initial Disclosures:**

The parties agree to exchange their Rule 26(a)(1) initial disclosure on or before **July 10, 2026**.

**3.      Areas of Discovery**

The areas of discovery will include all claims and defenses and claimed damages pursuant to the Federal Rules of Civil Procedures, including but not limited to inspections, written discovery, document productions, and depositions.

**4.      Special Scheduling Review Requested**

The parties request that the Court review the matter for special scheduling under LR 26-1(b). This is a complicated personal injury action. Plaintiff Kyle Mitrione sustained catastrophic injuries and is still receiving treatment for the foreseeable future. There will be many witnesses, medical providers, and experts. Written discovery will also be more complicated than a typical personal injury action.

**5.      Discovery Plan**

**A.      Discovery Deadlines:**

The parties agree that the Court should adopt the following Discovery Plan and Scheduling Order.

| | |
|---|---|
| Filing Motions to Amend: | **May 7, 2027** |
| Initial Expert Disclosures: | **June 11, 2027** |
| Rebuttal Expert Disclosures: | **August 13, 2027** |

2

| | |
|---|---|
| Last Day to Extend Discovery: | **September 24, 2027** |
| Discovery Cut-Off: | **October 15, 2027** |
| Dispositive Motions: | **November 12, 2027** |
| Pre-Trial Order: | **December 10, 2027** |

**B.      Amending the Pleadings and Adding Parties:**

The parties request to have until **May 7, 2027,** to file any motions to amend the pleadings to add parties.

**C.      Disclosures of Experts:**

The parties request to have the disclosure of experts proceed according to Federal and Local Rules as follows: The disclosures of experts and their initial reports should occur on or before **June 11, 2027**. The disclosure of rebuttal experts and their initial reports should occur on or before **August 13, 2027**. These deadlines are respectively 126 and 63 days before the discovery cut-off date, respectively. The parties seek additional time between the initial and rebuttal expert disclosure deadline and between the rebuttal expert disclosure deadline and the discovery cut-off to allow for expert depositions considering the likely number of experts in the case.

**D.      Dispositive Motions:**

The parties request that the dispositive motion deadline should be **November 12, 2027,** **which is 28 days** after the discovery cut-off.

**E.      Pre-Trial Order:**

The parties request that the Joint Pre-Trial Order deadline should be on or before **December 10, 2027**, which is not more than 30 days after the date set for filing dispositive motions in the case, as required by LR 26-1(b)(4). This deadline will be suspended if dispositive motions are timely filed until 30 days after the decision of the dispositive motions or until further order of

3

the Court. The disclosure required by FRCP Rule 26(a)(3), and objections thereto, shall be made in the pre-trial order.

**F.      Extensions and Modification of the Discovery Plan and Scheduling Order:**

LR 26-4 26-3 governs modifications or extensions of this Discovery Plan and Scheduling Order. Any stipulation or motion to extend a deadline set forth in the discovery plan and scheduling order must be made no later than 21 days before the subject deadlines. Any stipulation or motion to extend the discovery cut-off period must be made not later than **September 24, 2027**, which is 21 days before the discovery cut-off date.

**G.      Electronic Exchange of Discovery Documents:**

In order to save time and cost, the parties agree to exchange discovery documents through electronic mail, whether as attachments or links to download the materials (i.e. OneDrive, Dropbox, etc.) This includes but is not limited to discovery requests, responses, production of documents, and deposition notices. Service shall be deemed completed on the date and time the email is sent. Email service must be done as follows, subject to notice of any changes thereto:

       a.  Plaintiff:

          mbudner@smbb.com;

          mdehon@smbb.com;

          lclavin@smbb.com

       b.  Defendants:

          LRoberts@wwhgd.com;

          HLang@wwhgd.com;

          ABonney@wwhgd.com;

KPierce@wwhgd.com

**H.        FRCP 26(a)(3) Disclosures:**

Unless the discovery plan otherwise provides and the court so orders, the disclosures required by FRCP 26(a)(3) and any objections thereto shall be included in the pretrial order.

**I.        Alternative Dispute Resolution:**

The parties certify they have met and conferred about the possibility of using alternative dispute-resolution processes including mediation, and early neutral evaluation.

**J.        Alternative Forms of Case Disposition:**

The parties certify they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 and the use of the Short Trial Program (General Order 2013-01). The appearing parties agree that these are avenues that the parties may pursue.

**K.        Electronic Evidence:**

The parties addressed the e-discovery issues pertaining to the format of discovery at the Rule 26(f) conference. The parties do not anticipate discovery of native files or metadata at this time, but each party reserves the right to make a showing for the need of such electronic data as discovery progresses. The parties certify that they may present evidence in electronic format to jurors for the purposes of jury deliberation in compliance with the Court's electronic jury evidence display system.

**L.        Court Conferences:**

If the Court has questions regarding the dates proposed by the parties, the parties request a conference with the Court before entry of the Scheduling Order. If the Court does not have questions, the parties do not request a conference with the Court.

///

**M.    Trial Judge:**

The parties agree and would like Judge Cristina D. Silva to be the trial judge.

**N.    Issues Related to Claims of Privilege or Attorney Work Product:**

The parties agree to be bound by Federal Rule of Evidence 502 regarding the disclosure of privileged material or work product. Further, the parties acknowledge and agree that while each is taking reasonable steps to identify and prevent disclosure of any document which they believe is privileged, there is a possibility that certain privileged material may be produced inadvertently. Accordingly, the parties agree that a party who produces a document protected from disclosure by the attorney-client privilege, attorney work product doctrine or any other recognized privilege ("privileged document') without intending to waive the claim of privilege associated with such document may promptly, meaning within fifteen (15) days after the producing party actually discovers that such inadvertent disclosure occurred, amend its discovery response and notify the other party that such document was inadvertently produced and should have been withheld. Once the producing party provides such notice to the requesting party, the requesting party must promptly, meaning within seventy-two (72) hours, return the specified document(s) and any copies thereof.

///

///

///

///

///

///

///

6

By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and may request an order of the Court denying such privilege.

IT IS SO ORDERED

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE
DATED: 6/5/2026

IT IS SO STIPULATED.

Dated: June 3, 2026.

**GGRM LAW FIRM**

BY:    _/s/  Jason D. Guinasso_
          JASON D. GUINASSO
          *Attorney for Plaintiff*

Dated: June 3, 2026.    **SALTZ MONGELUZZI BENDESKY P.C.**

BY:    _/s/ Michael A. Budner_
          ROBERT J. MONGELUZZI
          ANDREW R. DUFFY
          MICHAEL A. BUDNER
          MAX H. DEHON
          *Attorneys for Plaintiff*s

Dated: June 3, 2026.    **WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

BY:    _/s/ Harold Lang, III_
          D. LEE Roberts, Jr., Esq.
          Nevada Bar No. 8877
          Harold Lang III, Esq.
          Admitted *Pro Hac Vice*
          *Attorneys for Defendants*

7