UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Kyle Mitrione, et al., Plaintiffs v. Cirque Du Soleil America Newco, Inc., et al., Defendants | Case No. 2:24-cv-00916-CDS-DJA **Order Denying Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint** [ECF No. 63] |

This is a diversity action brought by plaintiffs Kyle Mitrione and his wife, Karolina Melska, against several defendants.[1] The underlying allegations relate to tragic injuries Mitrione suffered because of a back-dive he performed as part of his employment in the Cirque show "O." Pet., ECF No. 1. In January 2025, the defendants filed a motion to dismiss the first amended complaint (FAC) (ECF No. 63),[2] arguing that this action is precluded under Nevada's Industrial Insurance Act (NIIA) (NRS 616A.020),[3] more commonly known as Nevada's workers'

[1] Cirque du Soleil America Newco, Inc., Cirque du Soleil Nevada Newco, Inc., Cirque du Soleil Vegas, LLC, Cirque du Soleil Holding USA Newco, Inc., Cirque Apple Las Vegas, LLC, and Cirque Apple Administration, LLC.

[2] The defendants previously moved to dismiss this action (ECF No. 6), which was granted without prejudice and with leave to amend. Order, ECF No. 52. The plaintiffs filed an amended complaint on December 17, 2024. Am. compl., ECF No. 55.

[3] In the alternative, the defendants move for summary judgment. ECF No. 63. Converting defendants' motion into one for summary judgment would be premature at this point in the case, in part because discovery has not concluded. *See Lacey v. Malandro Commun., Inc.*, 2009 WL 4755399, at *4 (D. Ariz. Dec. 8, 2009) (concluding that converting a motion to dismiss into one for summary judgment would be improper because discovery had not concluded); *Garrett v. City and Cty. of San Francisco*, 818 F.2d 1515, 1519 (9th Cir. 1987) (holding that, generally, summary judgment is inappropriate before the parties have had an opportunity for discovery); *Williams v. Cty. of Alameda*, 26 F. Supp. 3d 925, 936 (N.D. Cal. 2014) (declining to convert motion "[g]iven the relatively early stage of th[e] litigation"). The scheduling order in this case was just entered on June 5, 2026, and pursuant to that order, discovery will not close until October 15, 2027. *See* Sch. order, ECF No. 106. Accordingly, this court will decide the motion to dismiss under the Rule 12(b)(6) standard and only consider exhibits attached thereto and properly incorporated. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989) (material that is properly submitted as part of the complaint may be considered on a motion to dismiss); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) ("documents whose contents are alleged in a complaint and whose

compensation program, amongst other arguments. The plaintiffs oppose the motion. *See* ECF No. 66.

After the motion was fully briefed,[4] I twice ordered the parties to file supplemental briefing explaining whether and how the defendants' appeal of the workers' compensation appeals officer's decision[5] impacted this litigation. *See* ECF Nos. 81, 88. The parties complied and filed supplemental briefs. *See* ECF Nos. 90, 92. After considering the record, I denied the defendants' motion to dismiss without prejudice and sua sponte entered a stay pending resolution of the pending petition for judicial review. *See* Order, ECF No. 93. I also ordered the parties to file status reports advising of the pending petition's resolution and outcome, as well as whether an appeal will be taken of that decision so this court can evaluate whether the stay will continue. *Id.* at 3. The parties complied and filed their own status reports as directed. ECF Nos. 94, 95. After reviewing the briefing, I lifted the stay in this action, returned the case to the litigation track, and reactivated the defendants' motion to dismiss the FAC. *See* Order, ECF No. 96. For the reasons set forth herein, I deny the motion to dismiss.

## I. Legal standard

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab'y Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). A pleading must

---

authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting it into one for summary judgment); *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (the court can properly take judicial notice of matters of public record).

[4] Reply, ECF No. 72.

[5] The appeals officer made three determinations relevant to this motion: (1) the plaintiff was an excluded theatrical or stage performer under NRS 616A.110(2); (2) that defendant Cirque de Soliel did not comply with the requirement to file the Form D-44 with the State of Nevada to re-include an excluded employee into the NIIA as required by NRS 616B.656; and (3) that neither waiver nor equitable estoppel applied to plaintiff's appeal from inclusion in the NIIA. *See* Pls.' Ex. A, ECF No. 36-2; *see also* Decision and order, Defs.' Ex. 5, ECF No. 63-5.

give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Federal Rule of Civil Procedure 15 provides that leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Thus, amendment should be freely given "when justice so requires." *Id.* Generally, a "district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citation omitted).

**II. Discussion**

In their motion to dismiss, the defendants argue that the NIIA bars this action for three reasons: (1) the NIIA's exclusion for a "theatrical or stage performer" does not apply to Mitrione due to the nature of his long-term contractual employment relationship with Cirque; (2) Cirque substantially complied with NRS 616B.656, and Mitrione did not opt out of Cirque's workers' compensation program before the accident; and (3) the doctrines of equitable estoppel and waiver prevent Mitrione from avoiding the workers' compensation program. *See generally* ECF No. 63. The plaintiffs oppose the motion. ECF No. 66. They assert that Mitrione falls within the NIIA's theatrical performer exemption and that both administrative res judicata and issue preclusion requires this court to deny the motion to dismiss. *See id.* They also argue that, when

applying the proper Rule 12(b)(6) standard, the FAC demonstrates that the plaintiffs have given rise to cognizable claims. *See id.*

I agree with the plaintiffs that issue preclusion applies here.[6] Indeed, the defendants twice raised the same arguments in this motion as in their two petitions for judicial review challenging the appeals officer's findings in the Eighth Judicial District Court. *See* Pet. 1, ECF No. 63-6 at 3; Pet. 2, ECF No. 87 at 2–6. Judge Crystal Eller concluded that the appeals officer properly excluded the plaintiff from coverage under NRS 616A.110(2) and that the plaintiff's employer failed to file notice with the Division of Labor Relations as required under NRS 616B.656 to elect coverage for excluded employees.[7] *See* Judge Eller's findings of fact & con. of law (FFCOL), Pls.' Ex. 2, ECF No. 82-3 at 13–16. She also concluded that the appeals officer properly determined the plaintiff's wife, Karolina, did not have the legal authority to opt Kyle into the NIIA by signing the C-4 form on his behalf. *Id.* at 16. Last, Judge Eller determined that it was proper to conclude that the principles of equitable estoppel and waiver did not apply to prevent Kyle from challenging coverage under NIIA. *See id.* at 17–22.[8]

The defendants did not appeal Judge Eller's findings. Instead, they filed their second petition for judicial review, which was assigned to Judge Clark Newberry, who later dismissed the defendants' second petition for judicial review which raised similar arguments, finding she lacked jurisdiction to review Judge Eller's determination. *See* Judge Clark Newberry's FFCOL, Defs.' Ex. 1, ECF No. 94-1. In the alternative, Judge Clark Newberry found that if the court were required to reach a decision on the merits of the petition, that the appeals officers' decision was supported by substantial evidence regarding all material findings to include "(a) [Kyle] Mitrione

---

[6] Because issue preclusion applies, I decline to address res judicata, as well as the other arguments raised by the parties.

[7] *See* Appeals officer 7/8/2024 original decision and order, Pls.' Ex. A, ECF No. 36-2; *see also* Decision and order, Defs.' Ex. 5, ECF No. 63-5.

[8] In Judge Eller's findings of fact and conclusions of law, she granted in part and denied in part the petition but remanded the case back to the appeals officer with instructions, to include revising a more thorough findings of fact and conclusions of law. *See* Order, Pls.' Ex. 1, ECF Nos. 82-2. The defendants did not appeal that decision to the Supreme Court of Nevada.

is an excluded theatrical or stage performer under NRS 616A.110(2); (b) [the defendants] failed to comply with NRS 616B.656; and (c) waiver and equitable estoppel do not apply," such that the defendants' petition for judicial review would be denied. *Id.* at 25.

A federal court gives preclusive effect to an agency's adjudication of factual issues during an administrative proceeding if the proceeding met the three fairness requirements established in Utah Construction. *See Doe v. Regents of Univ. of Cal.*, 891 F.3d 1147, 1154 (9th Cir. 2018). Those requirements are: (1) the administrative agency was acting in a judicial capacity; (2) the agency resolved disputed issues of fact properly before it; and (3) the parties had an adequate opportunity to litigate the issues. *United States v. Utah Constr.*, 384 U.S. 394, 422 (1966). In *City Plan Development, Inc. v. Office of Labor Commissioner*, 117 P.3d 182, 188–89 (Nev. 2005), the Nevada Supreme Court expressly adopted the *Utah Construction* standard for fairness, which requires administrative proceedings to comport with basic fairness and due process requirements. So, if an administrative proceeding satisfies all three *Utah Construction* factors, the administrative decision will be entitled to preclusive effect and will bar future claims that fall within the administrative decision's preclusive scope. *See Doe*, 891 F.3d at 1155; *see also Clements v. Airport Auth. of Washoe County*, 69 F.3d 321, 326–27 (9th Cir. 1995) (explaining that "different preclusion rules apply in some circumstances to unreviewed findings of administrative proceedings, [28 U.S.C. §] 1738 by its own terms applies when administrative findings have been reviewed by state courts of general jurisdiction" (modified)).

Here, all three factors are met. The workers' compensation appeals officer was acting in a judicial capacity, the agency resolved disputed issues of fact that were properly before it, and the parties had an adequate opportunity to litigate the issues. The findings of fact and conclusions of law issued by Judges Eller and Clark Newberry resolved the same arguments raised by the defendants in the instant motion to dismiss the FAC. *Compare* ECF No. 82-3, *and* 94-1, *with* ECF No. 63. Stated otherwise, the defendants got two bites of the apple in state court and lost, and now they seek a third bite by way of the instant motion to dismiss the FAC.

*See Sullivan Equity Partners, LLC v. City of Los Angeles*, 2025 WL 752499, at *1 (9th Cir. Mar. 10, 2025) ("[The plaintiff] tries to reargue the merits . . . [but] [t]he sole question before us is not whether the state court reached the right decision, but whether issue preclusion applies." (citing *Chen ex rel. Chen v. Albany Unified Sch. Dist.*, 56 F.4th 708, 726 (9th Cir. 2022))). Consequently, their motion is barred by issue preclusion, so it is denied.[9]

## IV. Conclusion

IT IS HEREBY ORDERED that the defendants' motion to dismiss the FAC **[ECF No. 63] is DENIED.**

Dated: July 29, 2026

Cristina D. Silva
United States District Judge

[9] Even if issue preclusion did not apply, this FAC would survive the 12(b)(6) motion because taking the material allegations as true and construing them in the light most favorable to the plaintiffs reveals that they have sufficiently stated their claims.